UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN PAVING AND
MATERIALS CO.,

Plaintiff/Counter-Defendant,	Case No. 23-cv-12019

v.	Hon. Brandy R. McMillion
	Mag. Judge Kimberly G. Altman

OPERATING ENGINEERS LOCAL
324 PENSION FUND,

Defendant/Counter-Plaintiff.
_____/

## ORDER VACATING THE ARBITRATION AWARD, DIRECTING THE PLAN SPONSOR TO RECALCULATE PLAINTIFF'S WITHDRAWAL LIABILITY AND CLOSING THE CASE

This case involves a dispute between Michigan Paving and Materials Co. ("Michigan Paving" or "Plaintiff") and the Operating Engineers Local 324 Pension Fund (the "Fund"), along with its Trustees (collectively, "Defendants"), regarding the calculation of withdrawal liability for Plaintiff's partial withdrawal from the Fund's multiemployer pension plan (the "Plan"). The parties' filed cross-motions for summary judgment, which ask the Court to determine whether the Arbitrator correctly found that the Fund's actuary reasonably used the Pension Benefit Guaranty Corporation rate (the "PBGC rate") to calculate Plaintiff's withdrawal

liability in accordance with the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. *See* ECF Nos. 19, 20.

On July 31, 2024, the Court issued an Order granting in part Plaintiff/Counter-Defendant's Motion for Summary Judgment to Vacate the Arbitral Award (ECF No. 19) and denying Defendant/Counter-Plaintiff's Cross-Motion for Summary Judgment (ECF No. 20). The Court disagreed with the Arbitrator's legal conclusion that using the PBGC rate to calculate the withdrawal liability complied with ERISA. *See generally* ECF No. 28. The Court found that the PBGC rate was overly conservative and did not align with the Plan's historical investment experience; and that the actuary's application of actuarial professional standards to justify risk transfer in the partial withdrawal liability context was erroneous and contrary to ERISA and MPPAA. ECF No. 28, PageID.2764. Falling short of compliance with the statutory standard, the Court found the Arbitration Award unreasonable and, therefore, unlawful, so it vacated the Award. *Id*.

Both parties appealed. *See* ECF Nos. 30, 32. On August 27, 2025, the Sixth Circuit issued an Opinion and Judgment affirming the judgment of this Court, in light of its decision in *Ace-Saginaw Paving Co. v. Operating Eng'rs Local 324 Pension Fund*, 150 F.4th 502 (6th Cir. 2025). The appellate court instructed that on remand, the Fund's actuary was to recalculate Michigan Paving Company's withdrawal liability using assumptions and methods that are consistent with

2

ERISA's requirements, as clarified by *Ace-Saginaw Paving Co*. *See* ECF No. 34, PageID.2776.

In *Ace-Saginaw Paving Co*, the Sixth Circuit held that 29 U.S.C. § 1393 requires that "[w]ithdrawal liability must be calculated 'by a plan actuary . . . on the basis of . . . actuarial assumptions and methods which, in the aggregate, are reasonable (taking into account the experience of the plan and reasonable expectations) and which, in combination offer the actuary's best estimate of the anticipated experience under the plan.'" 150 F.4th at 508.  The court instructed that "Section 1393 'established a two-part test for actuarial assumptions: (1) they must be reasonable; and (2) they must be the actuary's best estimate.'" *Id.* at 510.  The withdrawal liability calculation will fail the best estimate test if "'the chosen assumptions' represent 'the dictates of plan administrators or sponsors' instead of 'the actuary's own judgment'" or if "the interest rate is not 'based on the unique characteristics of the plan.'" *Id*. at 510-11.  The "assumptions and methods" must also offer the actuary's "best" estimate – not focusing on "whether the actuary's assumptions and methods in fact lead to the most accurate calculation of withdrawal liability. [but] [r]ather . . . the actuary [thinks] his assumptions and methods would do so." *Id*. at 511.

Accordingly, the Arbitration Award is **VACATED,** and the case is **REMANDED** back to the Plan Sponsor to recalculate Plaintiff's Withdrawal

3

Liability using the principals set forth in *Ace-Saginaw Paving Co. v. Operating Eng'rs Local 324 Pension Fund*, 150 F.4th 502 (6th Cir. 2025), that reflects "the actuary's best estimate of anticipated experience under the plan," pursuant to 29 U.S.C. § 1391(a)(1).

*This is a Final Order that closes the case*.

**IT IS SO ORDERED.**

Dated: October 23, 2025

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
U.S. District Court Judge

4